MIGUEL J. ARSUAGA, Appellant, *v.* REGISTRAR OF PROPERTY OF CAGUAS, Respondent.

No. 915. Submitted February 20, 1934.—Decided March 8, 1934.

*R. Cintrón Lastra* for appellant.  The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

In an action brought before the District Court of San Juan a money judgment was entered and a writ was issued to the Marshal of the District Court of Humacao commanding him to sell, in compliance with said judgment, a piece of property situated in Caguas, which had been mortgaged to secure the debt.  The marshal sold the property at public auction, awarded it to the judgment creditor, and executed the corresponding deed of sale.

The Registrar of Property of Caguas refused to record said deed "because the action which gave rise to the sale at public auction is a real action for the recovery of a mortgage debt, wherein the attachment and sale of the property was specifically requested, the action having been brought before the District Court of San Juan, which is not the court of the district where the property is situated, and hence said court lacked jurisdiction to entertain the suit in conformity with the provisions of subdivision 3, section 75 of the Code of Civil Procedure."

From a deed of sale presented for record to the registrar, which we have before us, it appears that the judgment of recovery was entered in an ordinary action to enforce a mort-

gage debt, as the defendants were summoned, their default entered, the trial held, and judgment rendered in accordance with the evidence adduced. We are not dealing, therefore, with a summary foreclosure proceeding, wherein under the express provisions of article 170 of the Mortgage Rules the judge of competent jurisdiction shall be the judge of the place where all the mortgaged property is situated, submission to the jurisdiction of any other court not being admissible.

The reasoning of the registrar that, inasmuch as a suit for the recovery of a mortgage debt was involved the same must necessarily be prosecuted in the district where the property is situated in accordance with subdivision 3, section 75 of the Code of Civil Procedure, is untenable, for in the case of *Jiménez* v. *District Court,* 45 P.R.R. 891, we held, to quote from the syllabus, as follows:

"When an ordinary action is brought to recover the amount of a mortgage, the procedure to be followed is governed by general rules applicable to ordinary actions. Thus, if the action is brought in a district where the property is not located and the defendant is served with the summons and he fails to request that the trial be held in the proper district, he submits himself, and the court acquires jurisdiction to decide the suit."

The decision appealed from must be reversed and the record ordered.